UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Charles Gilmore,<br><br>Plaintiffs,<br>v.<br><br>Fredrick J. Hanna & Associates, P.C.<br><br>Defendant. | **CIVIL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collections Act ("RFDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Charles Gilmore is a natural person who resides in the City of Fontana, County of San Bernardino, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Fredrick J. Hanna & Associates, P.C. (hereinafter "Defendant Fredrick Hanna") is a collections oriented law firm operating from an address of 2253 Northwest Parkway, Marietta, Georgia, 30067 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about May 15, 2013, Defendant contacted Plaintiff Charles Gilmore by telephone in an effort to collect an alleged debt. This "communication" was in furtherance of the collection of a debt as that term is defined by 15 U.S.C. § 1692a(2).

7. During the course of the conversation, Defendant, through its agent, asked Mr. Gilmore if he lived in Georgia in order to ascertain if Mr. Gilmore was the individual they were attempting to reach in regards to the debt.

8. Mr. Gilmore responded that he had moved to California, and no longer lived in Georgia. Mr. Gilmore further advised that the alleged debt due and owing was not his.

9. Upon information and belief, Mr. Gilmore was not the individual Defendant was attempting to reach in regards to an alleged debt.

10. On or about May 29, 2013, Defendant again contacted Mr. Gilmore on the same cellular number as the May 15, 2013 call. The call was placed at 5:09am. Mr. Gilmore did not answer the call.

## TRIAL BY JURY

11. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant was put on notice that not only did Plaintiff currently reside in California, but that the alleged debt due and owing never belonged to him during the May 15, 2014 call.

14. Defendant, on notice of the state and more particularly the time zone Plaintiff resided in, placed a call in furtherance of the collection of an alleged debt at 5:09am. In placing this call, Defendant has contacted Plaintiff at a time in which they knew to be inconvenient.

15. Defendant's actions are violative of 15 U.S.C. § 1692(c)(1).

16. Plaintiff has been damaged and is entitled to relief.

### COUNT II.
### VIOLATIONS OF THE ROSENTHAL
### FAIR DEBT COLLECTIONS PRACTICES ACT
### CALIFORNIA CIVIL CODE § 1788 et seq.

17. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

18. Plaintiff's violation of 15 U.S.C. § 1692(c)(1) triggers a violation of Cal. Civ. Code §§ 1788.17 in that this provision of the statute renders certain violations of the FDCPA, inclusive of but not limited to violations of 15 U.S.C. § 1692(c)(1), a violation of the RFDCPA.

19. Defendant's actions have violated Cal. Civ. Code §§ 1788.17.

20. Plaintiff has been damaged and is entitled to relief.

*Rest of Page Intentionally Left Blank*

## DAMAGES

**WHEREFORE**, Plaintiffs pray that judgment be entered as follows:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

4. An award of actual damages pursuant to California Civil Code § 1788.30(b) against Defendant and for Plaintiff;

5. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), against Defendant and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

7. Any other and further relief as the Court may deem just and proper.

Dated: May 7, 2014                                    Respectfully submitted,

By**: /s/ G. Thomas Martin III, Esq.**
Attorney for Plaintiff
Price Law Group
15760 Ventura Blvd #1100
Encino, CA 91436